UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE B. RATLIFF, ) | CASE NO. 1:08CV2388 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| DEFENDANT. ) | |

This matter is before the Court on a motion by Plaintiff Jamie B. Ratliff seeking an award pursuant to the Equal Access to Justice Act for attorneys' fees and expenses against Defendant Michael Astrue, the Commissioner of Social Security. (Doc. No. 22.) Defendant opposed Plaintiff's motion, and Plaintiff replied.  (Doc. 23 and Doc. 24, respectively.) The matter is ripe for determination.

**I. Statement of Facts and Procedural Background**

Plaintiff brought this action pursuant to 42 U.S.C.§ 405(g), seeking judicial review of the decision by the Administrative Law Judge ("ALJ") denying her claim for disability insurance benefits. Both parties filed briefs on the merits. (Doc. Nos. 14, 15.) On November 18, 2009, the Magistrate Judge issued a Report and Recommended Decision ("R&R"), recommending a reversal of the ALR's determination and a finding that Plaintiff was entitled to disability insurance benefits. (Doc. No. 18.) On March 5, 2010, this Court adopted the R&R in part. (Doc. 20.) This Court reversed the final determination, remanded, and directed the ALJ to

articulate the basis of his denial of benefits, pursuant to 20 C.F.R. § 404.1527, including an analysis of the weight given to the opinion of Plaintiff's treating physician. (*Id*.)

## II. Law and Analysis

Plaintiff seeks an award of attorneys' fees and expenses incurred by prosecuting the instant action pursuant to the Equal Access to Justice Act ("EAJA"). 29 U.S.C. § 2412. The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses [...] incurred by that party in any civil action brought by or against the United States [...], unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "fees and other expenses" authorized by the EAJA include reasonable attorneys' fees and litigation costs. *See* 28 U.S.C. § 2412(d)(2)(A). The U.S. Supreme Court delineated the elements of the statute:

> eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the statute). The parties agree that Plaintiff was the "prevailing party," that no "special circumstances make an award unjust," and that the fee application was timely, but disagree over whether the Government's position was "substantially justified."

As stated above, 28 U.S.C. § 2412(d)(1)(A) explicitly states that an EAJA fee award shall be denied if the Government's position was "substantially justified." Elaborating on the meaning of "substantially justified," the Sixth Circuit has explained:

> The government's position under section 2412(d)(1)(A) is 'substantially justified' if it is justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person. [.... A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Prop. Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir.1991) (internal quotation omitted).

The parties disagree whether, pursuant the EAJA, the Government position at issue is Defendant's litigation position during the course of the instant action or the ALJ's position when denying Plaintiff benefits. (*See, e.g.,* Doc. No. 24 at 3-5.) The Sixth Circuit, however, has explained: "The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999).

This Court found that the ALJ's opinion denying benefits was deficient because it did not articulate sufficient reasoning. (*See* Doc. No. 20.) Specifically, this Court held that the ALJ's decision violated 20 C.F.R. § 404.1527 because it failed to give the opinion of Plaintiff's treating physician controlling weight or explain, applying the relevant statutory factors, why it was not entitled to controlling weight. (*Id.* at 10.) Important to the instant motion, this Court remanded the proceeding back to the ALJ, as it did not find overwhelming evidence of Plaintiff's disability. (*Id.* at 9-11.) The relevant inquiry concerning the Government's position, applying *Anderson,* is whether it was reasonable for Defendant to defend the ALJ's denial of benefits

3

despite his failure to apply, or articulate how he applied, 20 C.F.R. § 404.1527 when considering the treating physician's opinion.

In *Anderson*, the Sixth Circuit reviewed a district court's denial of attorneys' fees under similar circumstances. *Anderson*, 198 F.3d 244, 1999 WL 1045072, at *3-6. In that case, the district court remanded the ALJ's decision in large part because the AJL failed to articulate why the claimant did not meet a listed impairment for mental retardation, as required by the relevant statute. *Id.* at *5. The district court did not find overwhelming evidence of disability and remanded, directing the ALJ to follow the relevant statute concerning listed impairments. *Id.* The Sixth Circuit affirmed the district court's denial of fees and its finding that the Government was substantially justified in defending the ALJ's denial of benefits because "there were other ways by which claimant could have been found to be disabled besides meeting a listed impairment, which the ALJ did not explore in his opinion." *Id.*

Applying *Anderson*, courts in this Circuit have repeatedly found the Government substantially justified in defending an ALJ's denial of benefits where there was no overwhelming evidence of a disability and the case was remanded to the ALJ to cure deficiencies in his or her decision. *E.g., Diebert v. Comm'r of Soc. Sec.*, No. 1:06-cv-612, 2008 WL 1901213, at * 2-3 (government substantially justified where district court remanded to ALJ because discussion of medical evidence was scant and cursory); *Goff v. Astrue*, No. 08-141, 2009 WL 648965, at *1-2 (E.D. Ky. Mar. 10, 2009) (government substantially justified where district court remanded to ALJ because he failed to explain reason for ordering a consultive exam); *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758-60 (N.D. Ohio 2008) (government substantially justified where district court remanded to ALJ for a more thorough credibility analysis of plaintiff's testimony).

The holding in *Anderson* is also applicable to the instant action. As described above, this Court remanded to the ALJ to cure his error in failing to follow the relevant statute when considering the treating physician's opinion and because there was no overwhelming evidence of Plaintiff's disability. (Doc. 20 at 10.) Indeed, at least three courts in this Circuit, applying *Anderson,* have held in substantively similar circumstances that the Government's position was substantially justified. *Saal v. Comm'r of Soc. Sec. Admin.*, No. 1:08cv347, 2010 WL 2757554, at *2-3 (W.D. Mich. June 24, 2010) (ALJ's failed to follow the relevant statute when considering the treating physician's opinion); *Pierce v. Comm'r of Soc. Sec.*, No. 2:09-cv-0031, 2010 WL 2399647, at *2 (S.D. Ohio June 15, 2010) (same); *Rojas v. Comm'r of Soc. Sec.*, No. 1:07-cv-1035, 2009 WL 5171883, at *4 (W.D. Mich. Dec. 21, 2009) (same).[1] Likewise, Defendant here was substantially justified in defending the ALJ's decision, despite its statutory deficiencies concerning the treating physician's opinion. Accordingly, Plaintiff is not entitled to an EAJA fee award for this additional reason.

---

[1] In *Hill v. Astrue*, No. 3:06cv00194, 2008 WL 5085100 (S.D. Ohio Dec. 1, 2008), the district court found that the Government was not substantively justified in defending an ALJ's denial of benefits where the ALJ failed to apply the relevant statute in considering the treating doctor's opinion. 2008 WL 5085100, at *2. In that case, however, the government defendant failed to address the ALJ's error. The *Hill* court concluded: "By overlooking or not recognizing the significance of the ALJ's legal error, the Commissioner's support for the ALJ's decision lacked a reasonable basis in law." *Id.* at *2. In direct contrast, Defendant here thoroughly addressed the AJL's discussion of the treating physician's opinion. (*See* Doc. 15 at 12-14; Doc. 18.) Accordingly, the holding of *Hill* does not apply to the instant motion.

5

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorneys' fees and expenses (Doc. No. 22) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 7, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**