UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE B. RATLIFF, | ) | CASE NO. 1:08CV2388 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for attorney fees under the Social Security

Act, 42 U.S.C. § 406(b). (Doc. No. 31.) The Commissioner of Social Security ("Commissioner")

has filed objections to plaintiffs' motion (Doc. No. 33), and plaintiff filed a reply thereto (Doc.

No. 34). For the reasons that follow, the Commissioner's objections are **OVERRULED** and

plaintiff's motion is **GRANTED.**

**ANALYSIS**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of the decision by the Administrative Law Judge ("ALJ") denying her claim for disability

insurance benefits. On November 18, 2009, the magistrate judge issued a Report and

Recommendation ("R&R"), recommending a reversal of the ALR's determination and a finding

that plaintiff was entitled to disability insurance benefits. (Doc. No. 18.) On March 5, 2010, this

Court adopted the R&R in part and  reversed the final determination, remanded, and directed the

ALJ to articulate the basis of his denial of benefits, pursuant to 20 C.F.R. § 404.1527, including

an analysis of the weight given to the opinion of plaintiff's treating physician. (Doc. No. 20.)

Prior to filing this action, plaintiff agreed to pay her attorney, Kirk B. Roose of Roose & Ressler, 25% of past-due benefits awarded. (Doc. No. 31-2.) The Social Security Administration allowed benefits to claimant and disbursed fees in the amount of $14,080.00 for services rendered before the agency, pursuant to 42 U.S.C. 406(a). (Doc. No. 31 at 167.) On March 27, 2012, however, the agency notified plaintiff's counsel that it had erroneously paid $5,159.30 of the fees in an "administrative error," indicating that counsel was only authorized a fee of $9,003.88 for services before the agency. (Doc. No. 31-1.) Pursuant to that letter, counsel indicates he placed the incorrect payment amount, $5,159.30, in escrow, pending the filing of the instant § 406(b) fee motion and approval by the Court. (Doc. No. 31 at 167; Doc. No. 34 at 184.) In support of the motion, counsel submitted a schedule of services showing 14.7 hours of service expended by himself and another attorney, at a rate of $350.97 per attorney hour. (Doc. No. 31-3.)

The Commissioner's response raises three objections to plaintiff's motion: (1) that the Court does not know how much the Commissioner awarded to the claimant in past-due benefits; (2) that the total fee allowances under §§ 406(a) and 406(b) cannot exceed 25% of the total past-due benefits; and (3) that plaintiff's counsel must demonstrate that the requested hourly rate is appropriate to the market. Absent this information, the Commissioner objects that the Court cannot make an informed determination as to the reasonableness of the fees sought.

In reply, plaintiff has submitted award notices showing the amount of plaintiff's past due benefit awards totaling $56,652.70. (Doc. Nos. 34-1, 34-2.) Further, plaintiff responds that the Sixth Circuit has rejected the blanket-25-percent cap rule advanced by the Commissioner and, in any event, the total fees under § 406(a) and (b) in this case will not exceed 25% of all

2

past due benefits. Finally, plaintiff responds that the lodestar inquiry is inappropriate in the context of § 406(b) motions, which involve contingent fee agreements.

Section 406(b)(1) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). In order to obtain fees pursuant to this statute, an attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart,* 533 U.S. 789, 807 (2002); *Rodriguez v. Brown,* 865 F.2d 739, 746 (6th Cir. 1989). "[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—*for the work performed before it*, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (emphasis added).

The Court has reviewed plaintiff's motion for fees and finds the amount requested to be reasonable under the circumstances. The amount requested for services before this Court is well below the statutory maximum of 25%.[1] Contrary to the Commissioner's argument, the

---

[1] Plaintiff objects that the Commissioner already had access to information about the past-due benefits and, therefore, his argument "appears to result from a lack of reasonable inquiry." (Doc. No. 34 at 184.) However, as the Commissioner asserted in his objection, on a 406(b) motion, the burden is on the *claimant's attorney* to show that the fee sought is reasonable and does not exceed the 25% cap. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") The Commissioner correctly observes that a necessary component of this calculation, the amount of past-due benefits awarded, was missing from plaintiff's motion and his objection was therefore reasonable. Plaintiff's counsel corrected this omission in his reply and, consequently, the objection is moot.

Court need not aggregate the § 406(b) fees at issue here with the fees previously awarded to plaintiff's counsel under § 406(a) for services before the agency. *See Horenstein*, 35 F.3d at 262 (overruling "single tribunal rule" announced in *Webb v. Richardson*, 472 529 (6th Cir. 1972), which provided that the combined attorney fees under §§ 406(a) and (b) could not exceed 25% of past-due benefits).[2] Nor is plaintiff required to prove that the usual hourly rates of her attorneys, $300 and $250, are appropriate to the market to establish that those rates are reasonable. *See Gisbrecht*, 533 U.S. at 807-08 (rejecting lodestar approach).[3] "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Services*, 923 F.2d 418, 422 (6th Cir. 1990). Here, the fee amounts to roughly $350 per hour of attorney time, less than twice the standard rates charged by plaintiff's attorneys and, therefore, the hourly rate is *per se* reasonable. *Id.* Moreover, there has been no showing that counsel's representation was incompetent or ineffective or that counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* at 420-21(quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (en banc)).

---

[2] Even if such a limit were applicable in this case, the sum of both fees is still less than 25% of the past-due benefits awarded to plaintiff.

[3] The Commissioner's reliance on *Thatch v. Comm'r of Soc. Sec.*, No. 1:09CV454, 2012 WL 2885432, at *4 (N.D. Ohio July 13, 2012) is misplaced. Foremost, the opinion of another court within this district is not binding precedent on this Court. Further, in denying a motion for fees under § 406(b), the court in *Thatch* cited no authority for its proposition that "the Sixth Circuit has time and again discussed the standard rate for work in the relevant market[,]" and never even mentions *Gisbrecht*, the controlling Supreme Court case on § 406(b) fee applications that rejected a lodestar approach. *Id.* Moreover, in *Thatch*, the court noted that counsel's fee request was deficient in numerous other ways, not relevant here, including failing to include the hourly rate in counsel's affidavit, offering no evidence that the rate stated in counsel's brief was ever actually billed to a social security client, inflating the hourly rates of work performed by associates or staff to counsel's own rate, and likely inflating the hourly rate to maximize recovery of the full 25% fee. *Id.* at *3-4.

Accordingly, the Commissioner's objections are **OVERRULED**, the motion for attorney fees under § 406(b) is **GRANTED**, and the Court **AWARDS** attorney fees, not exceeding 25% of past-due benefits, in the amount of $5,159.30, such funds presently held in trust by plaintiff's counsel, payable directly to plaintiff's counsel at the law firm Roose & Ressler, LPA,.

        **IT IS SO ORDERED**.

Dated: February 20, 2013

                                     **HONORABLE SARA LIOI**
                                     **UNITED STATES DISTRICT JUDGE**